UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RACHEL SKUZA, individually, and on behalf of
all others similarly situated,

                Plaintiffs,

    -against-

C.TECH COLLECTIONS, INC. and DOES 1
through 10, inclusive,

                Defendants.

-----------------------------------------------------------------X

*CLASS ACTION COMPLAINT*

CV 12 0689

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y
★ FEB 13 2012 ★
LONG ISLAND OFFICE

SPATT, J.

LINDSAY, M.

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, C.TECH COLLECTIONS, INC. alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Nassau County, New York.

3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Mount Sinai, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff to North American Partners in Anesthesia, LLP, a.k.a. N.A. Partners in Anesthesia, LLP or "NAPA."
7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.
8. That on or about November 14, 2011, Defendant sent Plaintiff a dunning notice dated November 14, 2011 in an attempt to collect the aforementioned debt. A copy of said letter is attached hereto and made part hereof.
9. That on or about November 28, 2011, Defendant sent Plaintiff a dunning notice dated November 28, 2011 in an attempt to collect the aforementioned debt. A copy of said letter is attached hereto and made part hereof.
10. That said dunning notice contained the following false language: **"At this time, we must advise you that your name will be reported to a credit reporting agency for non-payment of this debt."** (emphasis added)
11. That on or about December 13, 2011, Defendant sent Plaintiff a dunning notice dated December 13, 2011 in an attempt to collect the aforementioned debt. A copy of said letter is attached hereto and made part hereof.

12. That said dunning notice contained the following threatening language: **"Under the circumstances, we must advise you that failure to remit $140.00 may result in the <u>referral of this matter to an attorney</u> for review."** (emphasis added)

13. That said dunning notices contain threats to take actions that cannot legally be taken or that are not intended to be taken.

14. That Defendant failed to provide Plaintiff with any written notice containing (a) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (b) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (c) statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. That said letters alone and/or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts Plaintiff's rights, intended to coerce payment by means of duress.

16. That Defendant engaged in conduct which harassed and oppressed Plaintiff.

17. That the representations made by Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise Plaintiff of her legal rights as required by law.

18. That Defendant intentionally and knowingly caused these false, misleading and threatening letters to be produced and mailed on a mass scale with a computer-generated system for the sole purpose of harassing consumers and coercing payment and collecting debts.

19. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following:
    a. Defendant violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff;
    b. Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;
    c. Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt; and
    d. Defendant violated 15 U.S.C. § 1692g by failing to provide Plaintiff with proper written notices and by contradicting Plaintiff's rights.
20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

21. Plaintiff realleges paragraphs 1 through 20 as if fully restated herein.
22. The first cause of action is brought on behalf of Plaintiff and the members of a class.
23. The class consists of consumers who received the same form letter(s), as did the Plaintiff.
24. The class consists of all persons whom Defendant's records reflect resided in the United States who were sent collection letter(s):
    a. bearing the defendant's letterhead in substantially the same form as the letter(s) sent to Plaintiff on or about November through December 2011;
    b. seeking payment of a consumer debt;
    c. not returned by the postal service as undelivered; and

    d. that contained violations of 15 U.S.C. §1692e by engaging in false threats and deceptive practices, 15 U.S.C. §1692g for contradicting and confusing the consumer as to his/her rights and 15 U.S.C. §1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

25. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer-generated form letters, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    (C)    The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D)    The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiff's interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

5
Class Action Complaint

the FDCPA. *15 U.S.C. §1692(k)*. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection letters, such as those sent by Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692d by harassing and abusing consumers;

   b. Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

   c. Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt; and

   d. Defendant violated 15 U.S.C. § 1692g by failing to provide consumers with proper written notices and by contradicting consumers' rights.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class;

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
December 23, 2011

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

7
Class Action Complaint

# C.tech®
### COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date: 11/14/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00

Dear Rachel Skuza:

We are disappointed that you failed to make a payment on your account.

If you continue to ignore this matter, it may result in your name being reported to a credit reporting agency.

Please pay your balance of $ 140.00 in full. What steps we take will depend on your response. An envelope is enclosed for your convenience.

Felicia Berkoff
Collection Division Manager
631-828-3110
888-331-0541

IMPORTANT CONSUMER NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC0184

*** DETACH HERE AND RETURN WITH REMITTANCE OR PAY ONLINE AT WWW.CTECH-COLLECTS.COM ***

A $3.00 convenience fee will be added for credit card payments.

| If you wish to pay by credit card, please enter the requested information in the spaces provided. | |
|---|---|
| CHECK ONE: ☐ VISA  ☐ MC | 3 DIGIT SECURITY CODE (on back of card) |
| CARD NUMBER | EXP. DATE / |
| CARDHOLDER SIGNATURE | AMOUNT AUTHORIZED $ |



ADCTEC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

November 15, 2011

864668-84    663206476

Rachel Skuza
54 Cooper Ln
Levittown NY 11756-4810

Please mail all payments and correspondence to:
C.tech Collections, Inc.
PO Box 402
Mt. Sinai NY 11766-0402

Date: 11/14/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00

# C.tech®
### COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date: 11/28/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00

Dear Rachel Skuza:

We previously wrote explaining that your failure to pay $ 140.00 could result in further collection procedures.

At this time, we must advise you that your name will be reported to a credit reporting agency for non-payment of this debt.

Under the circumstances, we are asking you to remit $ 140.00 so that this matter can be amicably resolved without adversely affecting your credit.

Felicia Berkoff
Collection Division Manager
631-828-3110
888-331-0541

IMPORTANT CONSUMER NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC0186

*** DETACH HERE AND RETURN WITH REMITTANCE OR PAY ONLINE AT WWW.CTECH-COLLECTS.COM ***

A $3.00 convenience fee will be added for credit card payments.

| If you wish to pay by credit card, please enter the requested information in the spaces provided. | | |
|---|---|---|
| CHECK ONE: ☐ ☐ | | 3 DIGIT SECURITY CODE (on back of card) |
| CARD NUMBER | | EXP. DATE / |
| CARDHOLDER SIGNATURE | | AMOUNT AUTHORIZED $ |



ADCTEC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

November 29, 2011

864668-86    671163909
Rachel Skuza
54 Cooper Ln
Levittown NY 11756-4810

Please mail all payments and correspondence to:
C.tech Collections, Inc.
PO Box 402
Mt. Sinai NY 11766-0402

Date: 11/28/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00

# C.tech®
COLLECTIONS, INC.
Post Office Box 402 ♦ Mt. Sinai, NY 11766

Date: 12/13/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00

Dear Rachel Skuza:

We previously wrote explaining that your failure to pay $ 140.00 could result in further collection procedures. Since then, you have not communicated with us to discuss a payment schedule or to explain your reasons for non-payment.

Under the circumstances, we must advise you that failure to remit $ 140.00 may result in the referral of this matter to an attorney for review. An envelope is enclosed for your convenience.

Felicia Berkoff
Collection Division Manager
631-828-3110
888-331-0541

### IMPORTANT CONSUMER NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

New York City Department of Consumer Affairs License Number 0980854.

57ADCTEC0179
*** DETACH HERE AND RETURN WITH REMITTANCE OR PAY ONLINE AT WWW.CTECH-COLLECTS.COM ***



ADCTEC01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



A $3.00 convenience fee will be added for credit card payments.

| If you wish to pay by credit card, please enter the requested information in the spaces provided. | | |
|---|---|---|
| CHECK ONE: ☐ VISA  ☐ MasterCard | 3 DIGIT SECURITY CODE (on back of card) | |
| CARD NUMBER | | EXP. DATE / |
| CARDHOLDER SIGNATURE | AMOUNT AUTHORIZED $ | |

December 14, 2011

864668-79      681228533
||..|||.|.|.|.||.||..|||..|.|.|..|..|.|.|.|||||.|||..
Rachel Skuza
54 Cooper Ln
Levittown NY 11756-4810

**Please mail all payments and correspondence to:**
C.tech Collections, Inc.
PO Box 402
Mt. Sinai NY 11766-0402

|..||..|||..|.|||..||..||..||..|.|.|||....|.|||....|.|..|||

Date: 12/13/2011
RE: N. A. PARTNERS IN ANESTHESIA, LLP
Account #: 864668-09/23/2011
Balance: $ 140.00